IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CALEB D. GLICK, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:24-cv-00350-O-BP |
| § | |
| AMERICAN BAR ASSOCIATION, § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Motion to Remand (ECF No. 6) filed by Plaintiff Caleb D. Glick ("Glick"); the Response and appendix in support (ECF Nos. 8-9), filed by Defendant American Bar Association (the "ABA"); and Glick's Reply (ECF No. 15).

Also before the Court are the ABA's Motion to Dismiss (ECF No. 10); Glick's Response (ECF No. 11); the ABA's Reply (ECF No. 16); and Glick's Sur-Reply (ECF No. 17). This case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 3.

Having reviewed the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Glick's Motion to Remand (ECF No. 6); **GRANT** the ABA's Motion to Dismiss (ECF No. 10); and **DISMISS** the case.

### I.     BACKGROUND

On March 22, 2024, Glick sued the ABA in the 43rd Judicial District Court of Parker County, Texas. ECF No. 1. The ABA removed the case on April 19, 2024. *Id.* Glick now moves to remand the case, arguing that the Court lacks subject matter jurisdiction. ECF No. 6.

On April 29, 2024, Glick filed his amended complaint, in which he seeks $10,050,000.00 in damages for breach of contract and unjust enrichment. ECF No. 7. He argues that because the ABA is the only "legally[-]recognized law school accrediting organization in" the United States and Texas, it has an illegal "monopoly on law school accreditation[.]" *Id.* at 2. He asserts that the ABA's "monopoly" violates "Art[.] 1, § 26 of the Texas Constitution, the Sherman Antitrust Act, [] the Clayton Antitrust Act[,]" and the "Texas Business Organizations Code Chapter 9(E) §§ 9.201 and 9.202." *Id.* at 2-3.

Glick bases his damage claims on a "conservative approximation" that he would earn $10 million over the span of a sixty-year law practice if he were "allowed to practice law," and the "approximately" $50,000.00 that he spent pursuing a political science degree in hopes of becoming a lawyer. ECF No. 7 at 3. He asserts that the ABA has been unjustly enriched by that same amount. *Id.* In addition to the monetary damages, Glick asks the Court to dissolve the ABA. *Id.* at 4.

## II.   LEGAL STANDARD

### A.   Remand

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. "[A]ll persons on one side of the controversy be

citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).

    **B.**    **Pro Se Standard**

The Court subjects the pleadings of *pro se* parties to less rigid analysis than those of a party represented by counsel. Courts must hold "a *pro se* complaint, 'however inartfully pleaded,' . . . to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

    **C.**    **Rule 12(b)(6) Dismissal for Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). A claim is facially plausible "when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### D. Dismissal With or Without Prejudice

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). As a result, courts generally allow plaintiffs at least one opportunity to amend their pleadings. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329-30 (2002). Nonetheless, a court may appropriately dismiss an action with prejudice if it finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Likewise, a court may dismiss a complaint with prejudice, thus foreclosing the plaintiff's opportunity to amend, whenever amendment of the pleadings would be futile. *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016).

## III. ANALYSIS

### A. The Court should deny Glick's Motion to Remand.

The ABA has sufficiently alleged complete diversity. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332. The ABA is an Illinois non-profit corporation "with its principal place of business in Illinois." ECF No. 1 at 3. Therefore, the ABA is a citizen of Illinois. The citizenship of a natural person is determined by his domicile. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007). The ABA asserts that Glick is a citizen of Texas, and Glick's pleadings support this. ECF Nos. 1; 7 at 5. Also, generally, "the sum demanded in good faith in the initial pleadings is the amount in controversy." *Durbois v. Deutsche Bank Nat. Trust Co.*, 37 F.4th 1053, 1056 (5th Cir. 2022) (citing 28 U.S.C. § 1446(c)(2)). Glick's complaint seeks $10,050,000.00, so the amount-in-controversy

requirement is met. ECF Nos. 1, 7. Accordingly, the ABA has sufficiently stated that this Court has diversity jurisdiction over this case.

Glick argues that because the ABA "is formally recognized in the Texas Government Code Title 2, Chapter 82, as well as formally recognized by the Texas State Bar as the sole accrediting apparatus for Texas Law schools, the threshold to be 'incorporated' with Texas is met." ECF No. 6 at 5. But this is not the standard by which the Court determines a corporation's citizenship, and "a corporation does not become a citizen of a state by availing itself of doing business in that state. Thus, diversity jurisdiction may still exist where a corporation does business in the same state where the other party is a citizen." *Smith-Hubbard v. AMICA Mut. Ins. Co.*, No. 23-40331, 2024 WL 747249, at *4 (5th Cir. Feb. 23, 2024). The ABA is an Illinois corporation. *See* ECF No. 9. Glick's filings do not show that the ABA's principal place of business is not in Illinois, as the ABA stated. Accordingly, the Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332, and Judge O'Connor should **DENY** Glick's Motion to Remand (ECF No. 6).

    **B.**  **Glick has not stated a claim on which the Court may grant relief.**

      1.  <u>Glick did not state a claim for breach of contract.</u>

Glick seeks damages for breach of contract. ECF Nos. 1, 7. A federal court sitting in diversity applies the substantive law of the state in which it sits. *See Barden Miss. Gaming Liab. Corp. v. Great N. Ins. Co.*, 638 F.3d 476, 478 (5th Cir. 2011). The Court sits in Texas. To state a claim for breach of contract under Texas law, the plaintiff must allege that: "(1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach." *Pathfinder Oil & Gas, Inc. v. Great W. Drilling*, Ltd., 574 S.W.3d 882, at 890 (Tex. 2019) (footnote omitted). The ABA argues

that Glick failed to adequately plead that a contract existed, that the ABA breached, and Glick suffered damages. ECF No. 10 at 11.

As the ABA correctly asserts, Glick "does not allege the existence of any contract, let alone a contract between him and [the] ABA." ECF No. 10 at 11 (citation omitted). Liberally construed, Glick seems to argue that by virtue of his birth and the ABA's existence, the ABA, as well as the United States and the state of Texas, are contracting parties under the Texas and United States constitutions. ECF No. 7. Indeed, in response to the ABA's Motion to Dismiss his breach of contract claim, Glick only raises this argument. *See* ECF No. 11 at 10-12. This argument is groundless and therefore frivolous. *See Raskin on behalf of JD v. Dall. Indep. Sch. Dist.*, 69 F.4th 280, 287 (5th Cir. 2023). Moreover, Glick admits that his damages are wholly speculative (*see* ECF No. 11 at 13), and he does not plead facts to show that the ABA caused him any amount in damages, let alone damages of over $10 million. Accordingly, Judge O'Connor should **DISMISS** Glick's breach of contract claim.

### 2. Glick did not state a claim for unjust enrichment.

"Texas law" seems to "recognize[] two theories or species of unjust enrichment: one for passive receipt of a benefit that would be unconscionable to retain, and another for wrongfully securing a benefit." *Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 379 (5th Cir. 2020) (citing George P. Roach, *Unjust Enrichment in Texas: Is It a Floor Wax or a Dessert Topping?*, 65 BAYLOR L. REV. 153, 226-28 (2013)). Glick did not plead that the ABA received a benefit of any kind, so he did not state a claim for unjust enrichment under either theory. Because his damages are wholly speculative and he provides no factual basis to show how his inability to practice law conferred a benefit on the ABA, Glick has not pleaded a plausible claim for unjust enrichment. Based on the facts presented and Glick's theory of his case, the Court finds

that further amendment as to this claim would be futile. Judge O'Connor therefore should **DISMISS** Glick's unjust enrichment claim.

### 3. Glick's remaining claims are frivolous.

The provisions of the Texas Business Organizations Code and Texas constitution to which Glick cites do not contain a private cause of action. TEX. CONST. art. I, § 26 ("Perpetuities and monopolies are contrary to the genius of a free government, and shall never be allowed, nor shall the law of primogeniture or entailments ever be in force in this State."); Tex. Bus. Orgs. Code §§ 9.202 ("A foreign nonfiling entity or a foreign filing entity registered under this chapter enjoys the same but no greater rights and privileges as the domestic entity to which it most closely corresponds."), 9.203 ("[I]n any matter that affects the transaction of intrastate business in this state, a foreign entity and each member, owner, or managerial official of the entity is subject to the same duties, restrictions, penalties, and liabilities imposed on a domestic entity to which it most closely corresponds[.]"); *see also Webb Cnty. v. Romo*, 613 S.W.3d 633, 636 (Tex. App.—San Antonio 2020, no pet.) ("The Texas Constitution creates a private cause of action for monetary damages only if the specific provision at issue clearly permits it." (citing *Brown v. De La Cruz*, 156 S.W.3d 560, 563 (Tex. 2004)). Thus, Glick is not entitled to pursue his claims as a private action against the ABA under the Texas Business Organizations Code and the Texas constitution.

Moreover, Glick has not pleaded facts to show that he is entitled to recover under the Sherman and Clayton antitrust acts. ECF No. 7 at 2. Section 15 of the Sherman Antitrust Act creates a private right of action for any person "injured in his business or property by reason of anything forbidden in the antitrust laws[.]" 15 U.S.C. § 15. But Glick cites to the entirety of the Act, "fails to identify the specific antitrust violation[,] and alleges no facts implicating the federal antitrust statutes." *Snapt, Inc. v. Ellipse Commc'ns, Inc.*, No. 3-09-CV-0661-O, 2010 WL

7

11542003, at *4 (N.D. Tex. Aug. 10, 2010). Rather than even offer a "formulaic recitation of the elements of a cause of action," *Iqbal*, 556 U.S. at 678, Glick blithely asserts that the ABA maintains an illegal monopoly and references the Sherman and Clayton acts in passing. ECF No. 7 at 2. Although he cites to some specific provisions in his response (ECF No. 11 at 6-8), his pleadings are devoid of facts to support a claim under any of the provisions providing relief under the Sherman or Clayton Acts. Instead, he offers only conclusory allegations, which are insufficient to maintain a claim for antitrust against the ABA under those statutes. Glick already has amended his complaint once (ECF No. 7), and he indicates that he believes that he has pleaded his best case (ECF No. 11 at 22). The Court agrees and finds that any further amendment would an act of futility and only cause unnecessary delay. Accordingly, Judge O'Connor should **DISMISS** all of Glick's claims.

## IV. CONCLUSION

The ABA has shown that diversity jurisdiction exists in this case, and the undersigned therefore **RECOMMENDS** that Judge O'Connor **DENY** Glick's Motion to Remand (ECF No. 6). Because Glick has not pleaded facts to show that the ABA breached a contract, was unjustly enriched, or violated the Sherman and Clayton Acts, the undersigned likewise **RECOMMENDS** that Judge O'Connor **GRANT** the ABA's Motion to Dismiss (ECF No. 10) and **DISMISS** the case.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for

the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on June 10, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE